### KENNEDY v. MOSTERT.

(Supreme Court, Appellate Division, First Department. February 9, 1900.)

CONTRACTS—RESCISSION—BILL OF PARTICULARS.

Where plaintiff, seeking to rescind his purchase of the charter of a Lloyd's insurance association, alleged that it had been illegally constituted, and was illegally engaged in the business of insurance within the state, defendant was entitled to a bill of particulars specifying in what respect plaintiff claimed the association was illegally constituted, and had failed to comply with the law, since, without such allegations, defendant could not know on what objections to its legality plaintiff intended to rely on the trial.

Appeal from special term, New York county.

Action by William H. Kennedy against Edward T. Mostert, impleaded, etc. From an order denying defendant's motion for a bill of particulars, he appeals. Reversed, and motion granted.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

H. B. Closson, for appellant.

Leopold Leo, for respondent.

O'BRIEN, J. The plaintiff purchased of the defendant, Mostert, the charter of the National Lloyd's Fire Insurance Association for the sum of $5,000, of which amount he paid $3,000 in cash and $2,000 in promissory notes of $1,000 each, which notes, not having been paid, were subsequently sued upon, and judgments obtained against the plaintiff. This action is brought to rescind the contract made, upon the ground, substantially, that, being young and inexperienced, the plaintiff was overreached; and, among other things, he alleges that the persons whose names are subscribed to the articles of association of the National Lloyd's turned over to him at the time of the sale "did not constitute individuals, a partnership, or an association of underwriters, which, on the 1st day of October, 1892, was lawfully engaged in the business of insurance within this state, and not required by law to report to the superintendent of insurance, or the insurance department, or subject to their supervision or examination." In thus using the language of the insurance law (Laws 1894, c. 684, § 57), the allegation, in effect, is that, for some reason not disclosed, the National Lloyd's was not legally constituted to do an insurance business. The motion was made to compel the plaintiff to give the particulars in which the persons failed to comply with the statute. Under the allegation made, the plaintiff could prove that the association was illegal, either because some of the persons were not of legal age, or were incompetent to contract, or had been fraudulently induced to sign the articles, or because the articles of association themselves were defective, or for the reason that in some other way the individuals who signed the articles did not comply with the statute. It will thus be seen that, without definite information as to the form of attack, the defendant could be easily surprised at the trial. The allegation here is analogous to one frequently made in actions to set aside assignments for the benefit of creditors,—that the assignment was made with intent to hinder, delay, and defraud. There being nothing more alleged, the practice has been in such cases to grant the defendant, upon motion, a bill of particulars. Here, without the information which the defendant seeks, he cannot know the plaintiff's objections to the legality of the association, or be prepared to meet them on the trial; and in justice to him the issue should be made more definite by requiring the particulars to be given. Nor will this necessarily compel the plaintiff to furnish his evidence, for it will be noticed that the allegation referred to must be regarded as a conclusion of law or a statement of fact resting upon other facts undisclosed; and these undisclosed facts the defendant is entitled to know, in order that he may prepare for trial.

We think the order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs, to abide the event. All concur.

(47 App. Div. 550.)

### STEIN v. NEW YORK NEWS PUB. CO.

(Supreme Court, Appellate Division, First Department. February 9, 1900.)

REFERENCE—ACCOUNT—NATURE OF EVIDENCE.
> Where specific defenses were alleged to an action on account, which, if decided in defendant's favor, would have obviated the necessity of examining the account, and in which, though the demands were for legal services for various litigations, and for other services covering several years, there was nothing to render it difficult for the jury to bear the evidence in mind, the issues were improperly submitted to the referee.

Appeal from special term, New York county.